UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY, an Ohio
corporation,

     Plaintiff(s),

v.

HORST RESCHKE,

     Defendant(s).
_____/

Case No. 2:06-cv-15410

HONORABLE STEPHEN J. MURPHY, III

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the Plaintiff's amended motion for summary judgment, filed July 19, 2007. Plaintiff State Automobile Mutual Insurance Company ("State Auto") is seeking judgment in its favor and against defendant Horst Reschke ("Reschke") in the amount of $230,762.30 as of February 29, 2008 with respect to the defendant's indemnity obligations. The plaintiff is also seeking an order that the company is entitled to an amended judgment to the extent of any additional losses, costs, expenses and attorneys fees incurred by plaintiff after February 29, 2008, with such additional amounts to be established by an affidavit of plaintiff accompanying a motion for amended judgment. The plaintiff also requests that the Court award interest and any other relief that it deems just and appropriate.

The Court heard argument on plaintiff's motion on November 13, 2008. For the reasons stated below, plaintiff's motion will be granted, and judgment will be entered in its favor and against defendant in the amount of $230,762.30. The Court will also order that

plaintiff will be entitled to an amended judgment to the extent of any additional losses, costs, expenses and attorneys fees incurred by the plaintiff after February 29, 2008, on motion to amend the judgment, with such additional amounts to be established by an affidavit of the plaintiff.

## FACTS

State Auto is a corporation organized and existing under the laws under the state of Ohio, with its principal place of business in Columbus, Ohio. Compl. ¶ 1. Defendant Reschke is a Michigan citizen. Compl. ¶ 2.

H&R Electric, Inc. ("H&R") acted as a subcontractor with respect to various construction projects in Michigan, involving school and other public renovations and improvements. To be awarded certain projects, H&R needed performance bonds and requested those bonds from State Auto. On or about February 15, 2005, H&R entered into a General Indemnity Agreement (the "Indemnity Agreement") with State Auto, and Reschke also executed the Agreement individually. See Compl. Ex. A. In the Indemnity Agreement, H&R and Reschke agree to:

> [I]ndemnify the Surety against any and all liability, loss, costs, damages, fees of attorneys and other expenses which the Surety may sustain or incur by reason of, or in consequence of the execution of such bonds and any renewal, continuation or successor thereof, including but not limited to, sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits, or judgments under such bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid.

Indemnity Agreement, ¶ 2.

In consideration of and in reliance upon the Indemnity Agreement, State Auto issued various payment, performance and fringe benefit bonds naming H&R as Principal (the

2

"Bonds"). As of February 29, 2008, State Auto has paid payment bond claims of $182,088.68 on its payment bonds naming Farmington Public Schools as obligee; it has paid payment bond claims of $162,397.25 on its payment bonds naming Utica Community Schools as obligee; it has incurred performance bond losses of $346,446.78 on its performance bonds naming Utica Community Schools as obligee in completing work on the Ford II High School Performing Arts Technology Additions Project; and has paid the IBEW Electrical Workers $29,453.01 on a Fridge Benefit Bond on behalf of H&R naming the electrical workers as obligee. Plaintiff's Suppl. Brief in Support of Its Motion for Summary Judgment, Ex. A, Jeffers Aff. ¶¶ 3-10. State Auto has also incurred total costs, expenses, consulting fees and attorney fees of $136,289.77 as of February 29, 2008 as a result of issuing the Bonds. *Id.* ¶ 11.

As of February 29, 2008, State Auto has recovered contract balances in the amount of $625,913.28. Id. ¶ 12. This results in net losses, costs, expenses, consulting fees and attorney fees of $230,762.30 as of February 29, 2008 related to the issuance of the Bonds. *Id.*

H&R filed for Chapter 11 bankruptcy protection in November, 2006. The bankruptcy was subsequently dismissed and H&R is no longer conducting business.

State Auto has now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that there is no issue of material fact as to the defendant's liability or the damages, and that State Auto is entitled to judgment as a matter of law.

## SUMMARY JUDGMENT STANDARDS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as to a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving

party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), aff'd, 929 F.2d 701 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252; *see Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir.1995).

ANALYSIS

Jurisdiction over this dispute is based on diversity of citizenship. The parties agree that Michigan law controls the interpretation of this indemnity contract.

When a contract is unambiguous, the interpretation of that contract is a question of law for the Court. *G&A Inc. v. Nahra*, 204 Mich. App. 329, 330 (1994). When the terms of a contract are clear, the Court must uphold the terms as written. *Rory v. Continental Ins. Co.*, 473 Mich. 457, 468 (2005). Indemnity contracts are construed in accordance with the rules applicable to contracts in general. *Title Guaranty & Surety Co. v. Roehm*, 215 Mich. 586, 591-92 (1921).

The Indemnity Agreement in this case requires Reschke, as an Indemnitor, to "indemnify the Surety against any and all liability, loss, costs, damages, fees of attorneys and other expenses which the Surety may sustain or incur by reason of, or in consequence of the execution of such bonds ... including, but not limited to, sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits, or judgments under such bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid." The Court finds that this language clearly and unambiguously requires Reschke to reimburse State Auto for amounts paid and costs incurred by State Auto "by reason of or in consequence of" executing the bonds and enforcing the Indemnity Agreement. *Cf. Fidelity and Deposit Co. v. A-Mac Sales and Builders Co.*, 2006 U.S. Dist. LEXIS 36308 (E.D. Mich. June 5, 2006) (finding indemnity agreement unambiguous and granting summary judgment to surety).

The defendant does not dispute that the indemnity agreement obliges him as a general matter to reimburse the plaintiff for costs incurred pursuant to the bonds. What he

6

does contest, however, is whether summary judgment is appropriate on the amount of damages owed to State Farm. The defendant argues that while a surety has a right to compromise and settle claims against it, it is required to do so in good faith. The defendant argues that "with respect to the performance bond claims paid, Defendant has not been provided with any information relative to the contracts entered into between Plaintiff and the new subcontractors, as well as information whether the contracts went out to bid, were negotiated, other bids received, etc. In other words, a question remains as to whether Plaintiff did make a reasonable effort to minimize the damages suffered and whether it acted in good faith in doing so, when paying out performance and payment bond claims." Brief in Support of Defendant's Answer to Plaintiff's Amended Motion for Summary Judgment p. 3. At oral argument, counsel for defendant asserted that his client was entitled to a trial on the issue of mitigation of damages and to cross-examine witnesses prior to judgment being entered on the issue of damages.

Reshcke has supplied an affidavit in opposition to State Auto's motion. In his affidavit, the defendant Mr. Reschke states that although he does not dispute that payment and performance bond claims were paid by State Auto, he has not been provided "with any information, other than dollar amounts and name of contractor relative to the performance bond payments, in order to determine whether the contracts entered into by Plaintiff and the replacement contractors were appropriate and/or whether charges made by the replacement contractors were excessive in nature or inadequate relative to the amount of work that was left to be completed on the various projects." Defendant's Answer to Plaintiff's Amended Motion for Summary Judgment Ex. B, Affidavit of Horst Reschke ("Reschke Aff.") at ¶ 3. Mr. Reschke also states that the professional and consulting fees

paid appear to be excessive in light of the totality of the circumstances in this matter and the lack of litigation with any of the bond claimants. *Id.*, ¶ 6.

The plaintiff argues that the defendant's claim that an issue of fact exists as to State Auto's good faith is incorrect both as a matter of fact and of law.  First, the plaintiff points out that the affidavits filed by State Auto in support of its motion for summary judgment contain a breakdown of the amounts spent and the losses incurred by State Auto.  Second, the plaintiff has supplied the Court with emailed correspondence between State Auto's counsel and Mr. Reshke's counsel in which Mr. Reschke asked for and received various additional information and documentation regarding State Auto's damages claim in this matter.  In fact, State Auto asserts, that it has provided Mr. Reschke's counsel with *all* information sought on the contracts and the payments made.  Finally, State Auto notes that discovery has been closed in this matter since July 2007, and the defendant has at no time served formal discovery on State Auto seeking the contracts between State Auto and any completion contractors, which is the precise information that plaintiff says the Court needs to determine the good faith of the payments made.  At oral argument before the Court, plaintiff's counsel stated that if the defendant wished to challenge the amount of payments made by State Auto it had the opportunity to take depositions during discovery, but that in fact the defendant served no formal discovery whatsoever in this action, which has been pending now for almost two years.  Given the absence of efforts on the part of defendant to use discovery to support its claim, plaintiff asserts that it is not now in any position to complain that it has not received information that it needs to assess the necessity of the payments made by State Auto for which State Auto is now seeking indemnification.

Second, the plaintiff argues, and the Court agrees, that State Auto does not have the burden of demonstrating the good faith of its payments. The Indemnity Agreement states that State Auto, the surety, has

> "the exclusive right to decide and determine whether any claim, liability, suit or judgment made or brought against the Surety or the Indemnitors or anyone of them on any bond shall or shall not be paid, compromised, resisted, defended, tried or appealed, **and the Surety's decision thereon, if made in good faith shall be final and binding upon the Indemnitors**, unless the Indemnitors shall request the surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, **and shall deposit with the surety at the time of such request, cash or collateral satisfactory to this Surety in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered**... "

Plaintiff's Amended Motion for Summary Judgment Ex. A, ¶ 8 (emphasis added). The plaintiff notes further that it sent a demand for collateral security to Mr. Reschke's counsel on February 6, 2007 and the demand was refused. Plaintiff's Reply Brief in Support of Its Motion for Summary Judgment p. 4 and Ex. D.

Mr. Reschke's statements in his affidavit that the professional and consulting fees paid by State Farm "appear to be excessive" and that he had not received sufficient information for him to determine the reasonableness of the amounts paid to the contractors is insufficient as a matter of law to create a genuine issue of material fact. The Supreme Court has made clear that "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, __ U.S. __, 127 S.Ct. 1769, 1776 (2007) (quoting *Matsushita Elec. Indust. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Here, Mr. Reschke's affidavit does not supply

9

evidence from which a rational jury could find for the defendant. Furthermore, as the plaintiff notes, Mr. Reschke never served any discovery, and discovery is now closed. The Court finds that defendants brief and affidavit fail to create a genuine issue of material fact as to State Auto's good faith in making its payments on the performance and payment bonds

The Court rejects the argument made by defendant in its brief and again in oral argument that State Farm has an affirmative burden to demonstrate that its payment on the bonds were made in good faith and attempted to mitigate damages. In support of its argument that there is no obligation to establish good faith in making its payments, the plaintiff has cited the case of case of *United States Fidelity & Guaranty Co. v. Feibus*, 15 F. Supp. 2d 579 (M.D. Penn. 1998), aff'd, 185 F.3d 864 (3rd Cir. 1999). In *Feibus*, the District Court for the Middle District of Pennsylvania addressed a surety agreement similar to the one before the Court today in which the surety issued payment and performance bonds for construction projects to be performed by the principal. The surety agreement in *Feibus* had a clause, like the one in the instant case, where the submission of evidence of payments in the form of vouchers or affidavits was prima facie evidence of the fact and amount of liability. *Feibus*, 15 F. Supp. 2d at 582. The court held that in interpreting identical prima facie evidence clauses, "courts have routinely held that once the surety has submitted the required documentation of payments, the burden under Rule 56 shifts to the principal to prove the existence of a genuine issue of material fact for trial." *Id.* (citations omitted).

Having found that the production of vouchers and affidavits by the surety discharged its burden under Rule 56, the court then found that the burden shifted to the defendant to

prove a genuine issue of fact for trial. *Id.* The defendants argued that there was a genuine issue that the surety breached the agreement by making payments that it was not obligated to make, as a "volunteer." *Id.* The court rejected this argument. In dealing with the defendants' suggestion of bad faith, it stated:

> Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity. *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir.1994) (citing Black's Law Dictionary 139 (6th ed.1990)). Thus, a lack of diligence or negligence is not the equivalent of bad faith, indeed even gross negligence cannot support a finding of bad faith. See *Klinger v. State Farm Mut. Auto. Ins. Co.*, 895 F.Supp. 709, 713 (M.D.Pa.1995); *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 437 Pa.Super. 108, 125, 649 A.2d 680, 688 (1994). Bad faith requires a showing of recklessness or improper motive such as self-interest or ill will. *Polselli*, 23 F.3d at 751; *Klinger*, 895 F.Supp. at 713.

*U.S. Fidelity & Guar. Co. v. Feibus,* 15 F.Supp.2d 579, 585 (M.D.Pa.,1998). The court rejected the defendants' arguments that the plaintiff acted in bad faith by making excessive payments and failing to investigate claims, stating that such arguments fail as a matter of law to establish an issue of material fact on bad faith in the absence of evidence that the plaintiff made payments because of an improper motive or purpose. *Id.* at 587. The court also noted that the defendants had ignored repeated requests by the plaintiff to provide collateral security against claims that were made against the plaintiff, and that courts have held that a principal's failure to deposit collateral security, in violation of a surety agreement, weighs against a finding that the surety acted in bad faith in settling the claims. *Id.* at 586.

The Court finds the reasoning of the Pennsylvania court in *Feibus* persuasive, and consonant with the Michigan precedent that governs this matter. As in *Feibus*, the Indemnity Agreement contains a clause providing that "[a]n itemized statement of payments

11

made by the Surety for any of the purposes specified herein, sworn to by an officer of the Surety, or the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the Indemnitors to reimburse the Surety for such payments, with interest." Indemnity Agreement, ¶ 8. The Sixth Circuit has found that the purpose of "prima facie evidence" clauses such as this one in an indemnity agreement are to facilitate the handling of settlements by sureties and to avoid unnecessary and costly litigation. *Transamerica Ins. Co. v. Bloomfield*, 401 F.2d 357, 362 (6th Cir. 1968). Thus, as noted by the court in *Feibus*, courts have routinely held that where an indemnification agreement contains such a clause, once a surety has submitted the documentation required by the indemnification agreement, the burden shifts to the principal to prove the existence of a material fact for trial. *Feibus*, 15 F. Supp. at 587 (citing cases). Finally, as in *Feibus*, the plaintiff here has demanded collateral security, and the demand has been rejected. *See also, American States Ins. Co. v. Glover*, 960 F.2d 149, 1992 WL 78786 (Slip Op. 6th Cir. April 16, 1992) (applying Kentucky law and holding that a surety's failure to mitigate damages is not a defense to an indemnity action).

As discussed above, the defendant has failed to produce evidence that meets its burden of showing a genuine issue of material fact as to the amount of damages. The bare assertion in its brief that there may be an issue of the good faith of plaintiff's payments to the contractors, in the absence of evidence of an improper motive or purpose in making the payments, is insufficient to create a genuine issue of fact on the plaintiff's good faith. Therefore, judgment is appropriate on damages.

The plaintiff also seeks an order that it is entitled to an amended judgment to the extent of any additional losses, costs, expenses and attorneys fees incurred by plaintiff

12

after February 29, 2008, with such additional amounts to be established by an affidavit of plaintiff accompanying a motion for amended judgment. As the court has discussed above, the damages sought and the method of proof are consistent with the court's reading of the Indemnification Agreement. Furthermore, the defendant in its brief has not contested, or even addressed, this request by plaintiff. Therefore, the court will enter an order permitting the plaintiff to move to amend the judgment to the extent of any additional losses, costs, expenses and attorneys fees incurred by the plaintiff after February 29, 2008, with such additional amounts to be established by an affidavit of the plaintiff accompanying a motion for amended judgment.

Finally, the plaintiff has requested that the court award interest. The plaintiff has not offered a grounds for its entitlement to interest, nor argued the amount on which interest should run, the date from which interest should run, or the rate of interest requested. Furthermore, it is not clear to the court that interest is not already included in the figure of $136,289.77 for "total costs, expenses, consulting fees and attorney fees" stated to be due as of February 29, 2008. Therefore, the court will not order an award of prejudgment interest.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that plaintiff's motion for summary judgment is hereby **GRANTED.** Judgment will be entered in favor of plaintiff and against defendant in the amount of $230,762.30, as established by plaintiff's supplemental brief in support of its motion for summary judgment dated April 1, 2008 and the accompanying affidavit of

James Jeffers, dated April 1, 2008. It is further **ORDERED** that plaintiff is entitled to an amended Judgment to the extent of any additional losses, costs, expenses and attorneys fees incurred by plaintiff after February 29, 2008, with such additional amounts to be established by an Affidavit of Plaintiff accompanying a Motion for Amended Judgment.

                              S/Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              UNITED STATES DISTRICT JUDGE

Dated: November 14, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2008, by electronic and/or ordinary mail.

                              S/Alissa Greer
                              Case Manager